NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHASHIF DUNBAR,<br><br>    Plaintiff,<br><br>    v.<br><br>PAYLESS CAR SALES, CAPITAL ONE FINANCE,<br><br>    Defendants. | No. 25cv16729 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Khashif Dunbar filed a complaint bringing a breach of contract claim against Defendants Payless Car Sales ("Payless") and Capital One Finance ("Capital"). D.E. 1 ("Complaint" or "Compl.") at 2. Plaintiff additionally alleges that Defendants violated several federal laws. *Id.* Along with his Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** the IFP Application. The Court must, however, screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** the Complaint ***without prejudice*** because Plaintiff has not pleaded any cause of action over that permits this Court to exercise jurisdiction.

**I.    BACKGROUND[1]**

Although it is not entirely clear what Plaintiff's allegations are based on, as best as the Court can discern, Plaintiff's allegations appear to concern the purchase and repossession of a

---

[1] The facts in this Section are taken from the factual allegations in Plaintiff's Complaint, which the Court presumes to be true for purposes of this Opinion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

vehicle he purchased from Defendants Payless and Capital. Compl. at 2. Plaintiff may have been surprised by certain charges related to the vehicle's registration and insurance that may not have been accounted for in the contract he received. *See id.* It is not clear, however, whether Plaintiff reviewed and signed any contract. *See id.* It also seems that Plaintiff was surprised by Defendants' use of a third-party entity to repossess his vehicle. *See id.* Finally, it appears that Plaintiff anticipated a refund of the vehicle's value after it was repossessed. *See id.* Plaintiff alleges the following:

> I'm writing this complaint against Payless auto sales and also capital one auto finance
> For breach of contract not giving full disclosure of The consumer contract unbeknownst to me
> The sum of all charges was not included registration and also insurance in the financing charge
> It was also unbeknownst to me towing of my vehicle for repossession through a third-party entity
> Is illegal also. Last but not least as a consumer transaction I did not receive Cash in hand
> Check or deposit into my bank account as per consumer financial protection bureau regulation.

*Id.*

Plaintiff states that the above acts were "clear violations of [his] consumer rights" based on "[t]he laws that clearly stands for not disclosing the full contract in its entirety." *Id.* Plaintiff then cites several federal statutes. *Id.* (citing 28 U.S.C. § 3002-3, 28 U.S.C. § 3002-4, 28 U.S.C. § 3002-10, 15 U.S.C. § 6803, 16 C.F.R. § 433.2, 18 U.S.C. § 911, 15 U.S.C. § 1662, and 12 U.SC. § 83). Plaintiff seeks the "full value" of his vehicle, which he alleges was $30,000. *Id.* He also seeks "loss of wages, third-party legal towing, sum of all charges" including "registration and insurance," title to the vehicle, and for Defendants to clear the $30,000 debt from his credit history. *Id.* Finally, Plaintiff complains that he requested his contract but "the bank don't have my contract with the wet signature/handwoven signature." *Id.*

2

II.    **LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[2] 28 U.S.C. § 1815(e)(2)(B); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). Moreover, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A court may also dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8. *Purisima v. City of Philadelphia*, 738 F. App'x 106 (3d Cir. 2018). Rule 8 sets forth general rules of pleading and requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation in the complaint be "concise and direct," Fed. R. Civ. P. 8(e)(1). Though the allegations must be concise and direct, they must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Dismissal of a complaint is therefore appropriate under Rule 8 "where the 'complaint is so confused, ambiguous, vague, or

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma*, 738 F. App'x at 107.

Finally, courts must satisfy themselves that jurisdiction exists to hear the case before it. It is well-established that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over a case based on diversity of citizenship as set forth in 28 U.S.C. § 1332(a), or federal question jurisdiction as set forth in 28 U.S.C. § 1331. It is, however, a plaintiff's burden to establish that the federal court may exercise jurisdiction over his case. *Kokkonen*, 511 U.S. at 377. Nevertheless, while it is a plaintiff's responsibility to establish subject matter jurisdiction, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). If a federal court determines that it lacks subject matter jurisdiction, it must *sua sponte* dismiss the case. Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

### III.   DISCUSSION

Because Plaintiff demonstrates need, the Court will **GRANT** Plaintiff IFP status. However, because Plaintiff fails to plead a federal claim and because this Court lacks jurisdiction to review Plaintiff's remaining claims, the Court will **DISMISS** Plaintiff's Complaint.

#### A.   Plaintiff's IFP Application

Plaintiff's IFP Application declares that his average monthly income consists of $1,425.00 from gifts and public-assistance. IFP Application at 1-2. Plaintiff states he has $635 in monthly

4

expenses from utilities, home maintenance, food, clothing, laundry and dry-cleaning, medical and dental expenses, transportation, and recreation, entertainment, newspapers, magazines, etc. *Id.* at 4-5. Plaintiff additionally states that he is currently unemployed and unable to pay the filing fees for his lawsuit. *Id.* at 5. Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP Application and screen his Complaint.

B.     **Plaintiff's Complaint**

Plaintiff brings contract and federal claims, based apparently on Defendants' failure to communicate the full terms of their agreements to Plaintiff, in violation of contract law and in violation of several federal statutes and regulations. Compl. at 2. Plaintiff, however, does not adequately plead any federal cause of action, precluding the Court from exercising supplemental jurisdiction to consider Plaintiff's remaining claims based on New Jersey law. And because Plaintiff's Complaint makes clear that this Court cannot exercise diversity jurisdiction either, this Court will **DISMISS** the Complaint.

> 1.     *There is no federal question jurisdiction because Plaintiff does not plead any cause of action arising out of federal law*

A federal court may exercise federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). A federal court may also exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Here, Plaintiff brings both federal and state law claims. This Court, however, cannot exercise federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff fails to adequately plead any cause of action arising under federal law. *Jayme v. MCI Corp.*, 328 F. App'x 768. 770-71 (3d Cir. 2008) (affirming dismissal because the complaint asserted no cause of action under

5

federal law). And because this Court cannot exercise federal question jurisdiction, it cannot exercise supplemental jurisdiction over Plaintiff's remaining New Jersey claims for breach of contract. *See Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974). The Court evaluates each of Plaintiff's federal claims below.

Plaintiff cites to several federal statutes he contends Payless and/or Capital violated. Compl. at 2. Plaintiff cites to the definition of "debt" and "debtor" as provided by 28 U.S.C. § 3002. *Id.* These definitions, however, do not provide a cause of action and it is not clear what cause of action Plaintiff meant to bring by citing to the definitions of these terms in § 3002. Plaintiff also cites 18 U.S.C. § 911, which makes it a crime to falsely represent oneself as a United States citizen. It is unclear how this crime could relate to Plaintiff's vehicle purchase. Next, Plaintiff cites 15 U.S.C. § 1662, which relates to advertisements, but Plaintiff makes no mention of any advertisement and the Court struggles to understand how one might have been relevant to Plaintiff's claims.

Plaintiff also cites 16 C.F.R. § 433.2, a regulation known as the "Holder Rule." *See Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 310 (D.N.J. 1997). "The Holder Rule requires that sellers of consumer credit contracts provide notice in those contracts that the debtor's claims and defenses against the seller of those contract[s] are made available against the holder of the contract." *Gilbert v. Cap. One*, No. 25-3557, 2025 WL 2785037, at *4 (E.D. Pa. Sept. 30, 2025) (citing 16 C.F.R. § 433.2). There is, however, no private right of action available to enforce the Holder Rule. *See id.* (citing *Taggart v. GMAC Mortg., LLC*, No. 12-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012)). Accordingly, Plaintiff may not bring a claim pursuant to 16 C.F.R. § 433.2.

Plaintiff also cites 12 U.S.C. § 83, which prohibits any "national bank" from making "any loan or discount on the security of the shares of its own capital stock." 12 U.S.C. § 83(a). But

Plaintiff does not allege that either Defendant is a "national bank" nor does he make any allegations regarding loans or discounts based upon either of the Defendants' shares. *Id.* Accordingly, Plaintiff fails to plead a violation of 12 U.S.C. § 83.

Finally, Plaintiff cites 15 U.S.C. § 6803, which imposes certain disclosure obligations on financial institutions. Under 15 U.S.C. § 6809(3), a "financial institution" means "any institution the business of which is engaging in financial activities as described in [12 U.S.C. § 1843]." Plaintiff's § 6803 claim fails because he does not allege that either Payless or Capital qualify as a "financial institution" as defined by 15 U.S.C § 6809(3). To the extent that Capital is a lending institution that qualifies as a "financial institution," Plaintiff does not identify which of his allegations apply to Capital or which apply to Payless. It is therefore impossible to determine if either Defendant is subject to the disclosure obligations of 15 U.S.C. § 6803, and even if one or both of the Defendants do qualify as a "financial institution," it is not clear which entity committed what conduct. Plaintiff therefore fails to also plead a violation of 15 U.S.C. § 6803.

Accordingly, Plaintiff has not adequately pleaded a cause of action arising under federal law and there is therefore no basis to exercise supplemental jurisdiction over Plaintiff's remaining breach of contract claims under New Jersey law. *See Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1285 (3d Cir. 1993) (citing 28 U.S.C. § 1367).

2.   *There is no jurisdiction over Plaintiff's remaining claims*

Federal courts may exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

None of the requirements for diversity jurisdiction are met here. Plaintiff's Complaint indicates that he seeks the value of his vehicle, which he states is $30,000. Compl. at 2. This case,

therefore, is not one where the amount in controversy exceeds $75,000. Complete diversity is also lacking. Both Plaintiff and Payless are from New Jersey. *Id.* at 1 (stating Payless's and Plaintiff's addresses as situated in New Jersey).

Accordingly, Plaintiff's Complaint does not provide grounds for this Court to exercise either federal question jurisdiction or diversity jurisdiction. The Court will therefore **DISMISS** the Complaint.

IV. **CONCLUSION AND ORDER**

Because Plaintiff does not adequately plead a cause of action arising under federal law and because this Court lacks subject matter jurisdiction to review Plaintiff's remaining claims, the Court will **DISMISS** Plaintiff's Complaint *without prejudice*. Plaintiff will be given **45 days** to submit a proposed amended complaint, which the Court will screen pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS** on this **28th** of January 2026, for the forgoing reasons,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

_____
Evelyn Padin, U.S.D.J.